802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Larry O'BRIEN, Plaintiff-Appellant,
v.
Perry JOHNSON, Corrections Officer Karazim; Corrections
Officer Simkins; Hearing Officer Weist,
Defendants-Appellees.
 No. 85-1672.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1986.
 
 Before KEITH and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This Michigan pro se plaintiff appeals from a district court judgment filed under 42 U.S.C. Sec. 1983. Plaintiff sued Michigan state prison officials claiming that he was convicted on two major misconduct charges, possession of nun chucks and possession of lock picks, which were proved by mere speculation and conjecture in violation of his liberty interests protected under the Fourteenth Amendment of the Constitution. Plaintiff was sentenced to four days of administrative detention on each charge, and plaintiff claims that he has been denied his request for a change in his custody and security levels due to the existence of these disciplinary convictions in his file.
 
 
 2
 Upon a liberal review of the record and of the arguments presented by the parties in their respective briefs, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), this Court concludes that the plaintiff's complaint was properly dismissed because plaintiff simply failed to state a valid cause of action in his complaint.
 
 
 3
 An analysis of the sufficiency of the evidence by the federal courts does not require an examination of the entire record, an independent accessibility of the credibility of witnesses nor a weighing of the evidence. Superintendent v. Hill, 105 S.Ct. 2768, 2774 (1985). Sufficient evidence will support a disciplinary conviction if "some evidence" exists in the record from whence the conclusion of the hearing officer may be deduced; the evidence need not logically preclude any conclusion but the one reached by the disciplinary board. Superintendent v. Hill, 105 S.Ct. at 2775. Regarding the nun chuck conviction, two correctional officers testified to finding two pieces of wood in plaintiff's cell; they were ten inches long and had a fastener at the ends to which a piece of rope could be attached. The correctional officers and the hearing officer considered the pieces of wood too long to be considered jump rope handles, and, therefore, found plaintiff's defense of having been authorized eleven feet of wood for his hobbycraft projects to be an incredible defense. Plaintiff's witness decided to make no comment. Under these circumstances, we conclude that the opinions expressed by the correctional officers constitute "some evidence" to support plaintiff's disciplinary conviction for possessing weapons known as nun chucks. The correctional officers did not have to see the plaintiff actually use the wooden sticks as weapons. See Superintendent v. Hill, 105 S.Ct. at 2775. (eye witness testimony is not necessary to connect inmates to an assault of another inmate).
 
 
 4
 Regarding the lock pick conviction, an altered set of Allen wrenches, filed down to about one-sixteenth of an inch, was found in one of plaintiff's pant pockets. The correctional officers thought they were lock picks and plaintiff claimed they were altered screw drives. Again this Court concludes that the opinion testimony of the correctional officers is sufficient evidence from whence the decision of the hearing officer could be deduced. Plaintiff did not have to be seen actually using the altered Allen wrenches as lock picks. See Superintendent v. Hill, 105 S.Ct. at 2775. Plaintiff was given an opportunity to present a witness; however, according to the report, plaintiff did not request that a witness be present on the lock pick charge. A review of the papers attached to plaintiff's complaint also reveals that the plaintiff did not challenge the disciplinary conviction in state court on the basis of the hearing officer's failure to grant his request to have the prison locksmith be called as a witness. He emphasized in the papers that the conviction rests on speculation and conjuecture because no one saw him actually using the wrenches as lock picks. Although he did state that a locksmith should be asked whether the lock picks could successfully open a lock, it was not until he filed his complaint that he charged the defendants with failure to call the prison locksmith as his requested witness at the disciplinary hearing. Plaintiff cannot challenge his disciplinary hearing in this belated fashion. Even if the locksmith's testimony is considered as true, the argument of impossibility of performance would not defeat the disciplinary conviction as still some evidence exists in the record to support the finding that plaintiff did possess what was generally considred to be lock picks.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.